IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WALTER HERNANDEZ, SR,

    Petitioner,

v.                                                     CASE NO. 5:11-CV-270-MP-GRJ

PAIGE AUGUSTINE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate incarcerated at FCI Marianna, initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. For the following reasons, the undersigned recommends that the petition be dismissed.

Petitioner's claims stem from his Southern District of Florida jury-trial conviction for conspiracy to commit murder for hire, arson, and mail fraud, in violation of 18 U.S.C. § 371; use of interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C. §§ 1958 and 2; arson of a business affecting interstate commerce, in violation of 18 U.S.C. §§ 844 and 2; mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; use of an explosive to commit a felony, in violation of 18 U.S.C. §§ 844(h) and 2; and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. *United States v. Hernandez*, Case No. 94-CR-262-UU-1 (S.D. Fla. 3/20/96), Doc. 407 (judgment). Petitioner received multiple life sentences and a consecutive term of 60 months imprisonment. *See id.* Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Hernandez Sr., et al.,* 141 F.3d 1042 (11th Cir. 1998), *cert. denied*, 525 U.S. 907 (1998). Petitioner filed a motion to vacate under 28 U.S.C § 2255 on the grounds that he was denied his right to self-representation and that the court and the government engaged in numerous

constitutional violations against him.  *Hernandez v. United States,* Case No. 1:99-cv-2645–SH (S.D. Fla. 12/4/00) (Docs. 26, 29) (report of magistrate judge and final judgment).   The Court denied the motion on the merits.  *Id*.  Petitioner's appeal to the Eleventh Circuit was dismissed as untimely. *Id.*, Doc. 44.

In the instant petition, Petitioner contends that he is entitled to habeas corpus relief because (1) the trial judge and prosecutors violated Petitioner's Sixth Amendment rights by keeping a Defense motion secret; (2) Petitioner was fraudulently and unlawfully tried on an indictment that was never presented to the grand jury; (3) the trial judge found Petitioner guilty of first-degree murder three months after the trial ended; and (4) his previous § 2255 motion was fraudulently and intentionally denied.  Petitioner names as respondent FCI Marianna Warden Paige Augustine.  As relief, Petitioner seeks release from federal custody, or, in the alternative, a new trial.  Doc. 1.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]" 28 U.S.C § 2255 (emphasis added).

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  However, the unavailability of relief under § 2255 because of a limitations or other bar does not

demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when:
> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*.

Petitioner was denied § 2255 relief and his instant § 2241 petition fails to meet any of the requirements for proceeding under the § 2255 savings clause. Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. See Doc. 1.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED** and his motions for leave to proceed as a pauper (Docs. 2 & 4) be **DENIED**..

**IN CHAMBERS**  this 4th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.